IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN ANN MANLEY BAILEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-04-918 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Pending before the Court is Respondent's Motion for Summary Judgment. Petitioner filed a writ application under 28 U.S.C. § 2254 challenging a state court conviction. Respondent contends that Petitioner's application is time barred under 28 U.S.C. § 2244(d). This Court GRANTS the Motion for Summary Judgment as time barred for the reasons stated below.

### I. BACKGROUND

Petitioner is incarcerated in the Texas Department of Criminal Justice. Petitioner challenges a conviction for murder in cause number 846,907 in the 262nd District Court of Harris County, Texas. The jury found Petitioner guilty on January 10, 2001, and sentenced her to 50 years in prison. Petitioner appealed and the Texas Fourteenth Court of Appeals affirmed her conviction on January 31, 2002. Petitioner filed a

petition for discretionary review (PDR) in the Texas Court of Criminal Appeals, which the court refused on June 26, 2002.

Petitioner filed a state writ application on October 23, 2003. The Texas Court of Criminal Appeals denied the application on January 14, 2004. Petitioner constructively filed this federal application on March 3, 2004.

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act, which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 1996).

## II. RESPONDENT'S SUMMARY JUDGMENT MOTION

Respondent's contentions follow. Petitioner's conviction became final on September 24, 2002, when the time to petition for *certiorari* review in the U.S. Supreme Court expired, ninety days after the Court of Criminal Appeals refused Petitioner's request for a PDR. SUP.CT.R. 13.1 (West 1995). Nothing in the pleadings shows that subsections B, C, or D of 28 U.S.C. § 2244(d)(1) apply to the claims here. Under subsection (A) of section 2244(d)(1), the limitations period expired on September 24, 2003, one year after the conviction became final by the expiration of the time for seeking Supreme Court review.

Petitioner filed her state writ application after the limitation period expired. The pendency of Petitioner's state application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because she did not file it until after the statute of limitations had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner filed this federal writ application on March 3, 2004. Under Respondent's analysis and summary judgment evidence, Petitioner filed her federal application more than five months after the statute of limitations expired. Respondent maintains that Petitioner's federal application is time barred.

## III. PETITIONER'S REPLY

Petitioner responded to the motion for summary judgment. [Docket Entry No.

15]. She raises equitable tolling. Her claims in her response follow.

Petitioner retained attorney Joe D. Key of Marston Legal Services in Popular [sic] Bluff, Michigan, to handle a habeas corpus petition. He had all of her legal documents. Key assured Petitioner he would be coming to Texas; eventually move to Texas; and continue his practice in Texas. Several months passed and Petitioner did not hear from Key. She wrote him several letters and did not receive a response. Finally, "the Firm" contacted Petitioner and informed her that Key had died. The firm did not provide her any other information. Petitioner's legal documents were never forwarded to her. "Petitioner was under the impression that her habeas corpus was filed by him." Key did not inform Petitioner that she "would be up against time limitations." Petitioner was led to believe that her habeas corpus application had been filed and once Key had moved to Texas, he would follow up on the habeas corpus process.

Petitioner diligently pursued her case and conducted her own research. Traci Lofland, a state's witness, told Petitioner's family that she did not see Petitioner hit the victim with a large concrete slab, that the state threatened to take her children if she did not testify, and that consequently she lied on the stand. A few weeks before Petitioner was going to file her state writ application, Lofland changed her mind. This further delayed Petitioner. Petitioner also says her PDR attorney did not inform her of any

deadlines or statute of limitations. Petitioner cites *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) in support of her position.

## IV. ANALYSIS

Equitable tolling should only be used in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). An attorney's acts or omissions may warrant equitable tolling where the attorney intentionally deceived a petitioner, and the petitioner reasonably relied on his attorney's deceptive misrepresentations. *Wynn*, 292 F.3d at 230-31. However, Petitioner does not allege any direct deception by habeas counsel. Petitioner alleged that counsel assured her that he would handle the habeas corpus application; that she was "under the impression" that her application was filed; and she was "made to believe" her application was filed.

Petitioner does not explicitly claim that Key told her that he had filed a state habeas corpus application for her. Petitioner does not allege that Key affirmatively misinformed her that he had filed a habeas application. *See Wynn*, 292 F.3d at 228-31. Under Petitioner's pleadings, her assertion that Key had filed an application is based solely on his agreement to prospectively pursue habeas corpus relief for Petitioner and his assurance to her that he would do so in the future. Petitioner's only specific allegations on whether Key filed an application for her are couched in terms that she was "under the impression" and that she was "was made to believe" that Key filed the

5

application.

Petitioner's allegations contain no chronological specificity, much less evidentiary support. Petitioner does not allege when Petitioner first contacted Key, hired him, or spoke with him. Petitioner does not state when Key's firm informed Petitioner of Key's death. Petitioner's vague, unsupported allegations do not raise a genuine issue of material fact that she is entitled to equitable tolling. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (unsubstantiated or conclusory assertions that a fact issue exists will not suffice to defeat a summary judgment motion). Petitioner has not met her burden of proof. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) (the petitioner bears the burden of proof on equitable tolling).

In *Cousin v. Lensing*, 310 F.3d 843, 846 (5th Cir. 2002), the Court of Appeals for the Fifth Circuit confronted a situation where a petitioner was harmed when his attorney, after receiving notice that an *in forma pauperis* motion had been denied, failed to inform his client for two years that payment of the filing fee was required. The Fifth Circuit acknowledged that the petitioner "was harmed by the failure, for almost two years, of his own attorney adequately to investigate" the matter. *Id*. at 848. The Court however, went on to say that "counsel's mistake does not warrant equitable tolling .... where counsel inexplicably waited for so long." *Id*. at 849. The Court

concluded that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Id*.

In our case, Petitioner alleges counsel did not file a habeas corpus application during some unspecified period and died at an unspecified time. Petitioner's unsupported claim that counsel assured Petitioner he would handle her habeas corpus application does not reach the level of attorney misconduct required for equitable tolling. Arguably, counsel's alleged failures harmed Petitioner. However, Petitioner's allegations, taken as true, do not show an intentional deception by counsel on which Petitioner relied. *Cf. Wynn*, 292 F.3d at 230-31.

Under *Cousin v. Lensing*, counsel's failures do not warrant equitable tolling. That counsel's actions were beyond Petitioner's control and knowledge does not constitute rare and exceptional circumstances to justify equitable tolling. *Cousin*, 310 F.3d at 848-49. "Equitable tolling is warranted ... only in situations where the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights." *Id*. at 848. (citations omitted). Furthermore, Petitioner has not shown diligence. *Scott*, 227 at 262. Petitioner is not entitled to equitable tolling. Her application is time barred.

## V. CONCLUSION

Petitioner has not raised a genuine issue of material fact which defeats

7

Respondent's summary judgment showing on the statute of limitations or that she is entitled to equitable tolling. Accordingly, it is ORDERED that Respondent's Motion for Summary Judgment [Docket Entry No. 14] be GRANTED. This action is DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d). All other pending motions and requests for relief are DENIED.

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). Therefore, this Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 13th day of February, 2006.

_____

DAVID HITTNER

United States District Judge